United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Adrian Torres, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-22859-Civ-Scola |
| | ) |
| Sidlay United Security LLC, and | ) |
| Alphonse Frantz, Defendants. | ) |

**Order Denying Default Judgment**

This matter is before the Court on the Plaintiff's motion for default judgment against both Defendants (Mot., ECF No. 42.). The Court has reviewed the motion, the record, and the relevant legal authorities, and is otherwise fully advised. Pursuant to Federal Rule of Civil Procedure 55, the Court **denies** the motion (**ECF No. 42**), albeit without prejudice.

1. **Background**

The Plaintiff sued the Defendants for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by "by failing to pay overtime wages and minimum wages properly under the law (Count I & II). Additionally, Plaintiff claims that Defendants retaliated against him due to his request to be paid fairly in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged (Count III)." (Mot. at 5; Compl., ECF No. 1 ¶¶ 32-109.)

The Plaintiff served the summons and complaint on the Defendants, Sidlay United Security, LLC and Alphonse Frantz, on October 9, 2023. (ECF Nos. 8, 9.) The Defendants then filed their answer and affirmative defenses on October 31, 2023. (ECF No. 11.) On January 31, 2023, counsel for the Defendants moved to withdraw due to irreconcilable differences. (ECF No. 26.) The Court granted the motion and instructed the Defendants to notify the Court of their retention of new counsel by February 26, 2024, or in the case of Frantz, of his intention to proceed pro se. (ECF No. 27 at 2.) The Defendants failed to comply with the Court's order, and have not otherwise appeared in the case since then. The Court therefore struck the Defendants' pleadings and directed the Plaintiff to seek the entry of a Clerk's default against the Defendants. (ECF No. 30.) The Plaintiff did so, and a Clerk's default was then entered against each Defendant. (ECF Nos. 33-35.)

The Plaintiff has now moved for final default judgment, appending to his motion as Exhibit "A" an affidavit attesting that the Defendants owe him $8,791.00 in unpaid overtime and minimum wages, $1,440.00 for lost wages,

and $10,231.00 for liquidated damages. (*Id.*) The Plaintiff also seeks the recovery of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and Fla. Stat. § 448.08, and therefore seeks an order of entitlement to recover his attorneys' fees and costs in the amount of $20,400.00. In total, the Plaintiff seeks $41,869.00. (Mot. ¶ 15.)

### 2. Legal Standard

Federal Rule of Civil Procedure 55 authorizes a court to enter a final judgment of default against a defendant that has failed to answer a properly served complaint. Fed. R. Civ. P. 55(b). Following the Clerk of Court's entry of a Clerk's default against a defendant, a court may enter a final default judgment against the defendant. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (cleaned up) (quoting *Nisheratsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975); also citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). A defaulting defendant, however, does not admit facts that are pleaded insufficiently or that are mere conclusions of law. *Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1259 (S.D. Fla. 2019) (citing *Nishimatsu*, 515 F.2d at 1206); *Transamerica Corp. v. Moniker Online Servs., LLC*, No. 09-60973, 2010 WL 1416979, at *1 (S.D. Fla. Apr. 7, 2010). A motion for default judgment "is not granted as a matter of right," and a court must determine whether the factual allegations are well pled and present a sufficient basis for the judgment. *Anda, Inc. v. Gramatan Pharmacy, Corp.*, No. 18-CV-62704, 2019 WL 5209318, at *1 (S.D. Fla. July 16, 2019) (Valle, Mag. J.) (quoting *Patray v. Nw. Pub., Inc.*, 931 F. Supp. 865, 868 (S.D. Ga. 1996)), *report and recommendation adopted*, No. 18-62704-CIV, 2019 WL 5209066 (S.D. Fla. Aug. 2, 2019).

### 3. Analysis

To recover under the FLSA, the Plaintiff is "simply" required to demonstrate "a failure to pay overtime compensation and/or minimum wages to covered employees . . . ." *Sec'y of Labor v. Labbe*, 319 Fed. App'x. 761, 763 (11th Cir. 2008) (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

To state a claim for failure to pay minimum and/or overtime wages under the FLSA, a plaintiff must allege: "(1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the

employer failed to pay overtime compensation and/or minimum wages." *Ray v. Adams & Assocs., Inc.*, 599 F. Supp. 3d 1250, 1256 (S.D. Fla. 2022) (Bloom, J.) (citing *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). This requires a showing that the jurisdictional prerequisite of "interstate commerce" exists in a given case, a showing that may be made one of two ways—enterprise coverage or individual coverage. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).

An employee may assert "enterprise coverage" if his employer: (1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually. *Id.* at 1298. Alternatively, an employee may claim "individual coverage" if he regularly and directly participates in the actual movement of things or persons in interstate commerce. *Id.*

Here, the Plaintiff attempts to allege both enterprise and individual coverage. As to enterprise coverage, the complaint includes the following: Defendant Sidlay United Security provides "security services to businesses, residential communities, construction sites, retailers, and related security services such as bodyguard protection[;]" and "Defendant S1 SECURITY GROUP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides security services and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods or services for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions." (Compl. ¶¶ 7-8.) Not only do these allegations appear to name a non-party entity (S1 Security Group) without explaining its connection to the action, but the allegations do not establish how the business's security services "affect" interstate commerce, except by saying that it "us[es] electronic devices to authorize credit card transactions." (*Id.*) Similarly, with respect to individual coverage, the complaint alleges only that "Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to enterprises involved in interstate commerce[,]" namely "Tipsee Spirits & Wine." (*Id.* ¶¶ 9, 12.)

Nowhere in the complaint does Torres state the nature of his work as a security employee and whether it involved a connection to interstate commerce. Nor does the complaint allege how the security services Sidlay United Security LLC provides to customers are tied to interstate commerce. *See, e.g., Fernandez*

*v. CheckAlt Eras, Inc.*, No. 20-CV-22746-UU, 2021 WL 7082947, at *4 (S.D. Fla. Jan. 7, 2021) (Ungaro, J.) (to properly allege FLSA coverage a complaint must sufficiently allege the nature of the defendant's business, the nature of the plaintiff's work, and the connection between the work and interstate commerce). Moreover, processing of credit card transactions alone is insufficient to establish engagement in interstate commerce. *See Chavez v. Grill Enterprises, LLC*, No. 20-22603-CIV, 2022 WL 1642757, at *8 (S.D. Fla. Jan. 31, 2022) (Cooke, J.) (finding processing of credit cards insufficient for the establishment of enterprise or individual FLSA coverage.) The Plaintiff's motion for default judgment is also devoid of argument or authority to justify the sufficiency of these allegations for establishing FLSA coverage. (ECF No. 42.) The Plaintiff has therefore failed to allege the application of the FLSA here.

As a result, dismissal without prejudice is required. *See, e.g., Perez v. Muab, Inc.*, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011) (Cohn, J.) ("Plaintiff alleges only that 'during her employment with [defendant], she was engaged in commerce or in the production of goods for commerce.' This is a mere recitation of the statutory language.") (cleaned up). In amending, Torres shall set forth the nature of Sidlay United's business and precisely what he did in the course of his employment, taking care to explain how the business, and his work for the company, connects to interstate commerce.

### 4. Conclusion

Accordingly, the Court **dismisses** Torres's complaint, **without prejudice**, for the reasons set forth above, and orders Torres to file an amended complaint, on or before **July 26, 2024**, if he believes he can in good faith allege facts curing the complaint's pleading deficiencies. If Torres fails to adequately allege the necessary facts, the Court will dismiss his case.

Finally, although the Court need not reach the issue of damages at this time, the Plaintiff upon filing the amended complaint and renewing his motion for default judgment should review for correctness the calculation of overtime wages because it appears unjustifiably inflated.

**Done and ordered** in Miami, Florida, on July 17, 2024.

Robert N. Scola, Jr.
United States District Judge